UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| ZACHARY T. POLLARA, <br><br> Plaintiff, <br><br> v. <br><br> MIDLAND CREDIT MANAGEMENT, INC. <br><br> Defendant. | Case No. 1:21-cv-00747 |

## COMPLAINT

**NOW COMES** Plaintiff, ZACHARY T. POLLARA, by and through his undersigned counsel, complaining of Defendant, MIDLAND CREDIT MANAGEMENT, INC., as follows:

## NATURE OF THE ACTION

1.   Plaintiff brings this action seeking for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

2.   Congress expressly found that "there is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a).

## JURISDICTION AND VENUE

3.   This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

4.   Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

5.   ZACHARY T. POLLARA ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in this federal jurisdiction.

6.   Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7.   MIDLAND CREDIT MANAGEMENT, INC. ("Defendant") is a corporation organized under the laws of Kansas.

1

8. Defendant maintains its principal place of business at 350 Camino De La Reina, Suite 300, San Diego, California 92180.

9. Defendant is one of the nation's most prominent debt buyers.

10. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6) because (1) it uses instrumentalities of interstate commerce and the mail in the course of collecting consumer debt; (2) the principal purpose of Defendant's business is the collection of debt; and (3) it regularly collects consumer debt owed to others.

## FACTUAL ALLEGATIONS

11. A number of years ago, Plaintiff applied for and obtained a personal credit card from Credit One Bank, N.A. ("CreditOne").

12. Plaintiff made various charges for personal purposes on the CreditOne credit card, amassing a balance.

13. Due to financial hardship, Plaintiff fell behind on his monthly payments on the CreditOne credit card.

14. Eventually, Plaintiff's account fell into default status with an outstanding balance of approximately $671.77 ("subject debt").

15. The subject debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

16. Shortly thereafter, Midland Funding, LLC purchased the subject debt from CreditOne and began collection activities on the subject debt through the services of Defendant.

17. On or around February 26, 2021, Defendant sent Plaintiff a written correspondence attempting to collect the subject debt ("Midland's Letter").

18. Midland's Letter depicted, in pertinent part:



19.     Defendant's Letter presented various offers to Plaintiff to resolve the subject debt.

20.     Moreover, Midland's Letter expressly stated: "STOP our calls by selecting one of these 3 options" ("the language").

21.     The language implicitly implies that the *only* way to compel Defendant to cease its collection calls is to select one of the three payment options enumerated in Defendant's Letter.

22.     The language is patently misleading because the FDCPA requires debt collectors to cease communications with a consumer regarding a debt if the consumer requests the same in writing.

23.     Specifically, subject to inapplicable exceptions, §1692(c)(c) of the FDCPA provides:

> If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or **that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt**.... 15 U.S.C. §1692(c)(c).

24. The language in Defendant's Letter was designed to mislead Plaintiff and other similarly situated consumers into believing that they must make payment on the debt to compel the cessation of the collection calls.

25. However, as set forth above, the FDCPA expressly provides consumers with mechanisms to compel the cessation of communications from a debt collector.

26. The language in Midland's Letter was deliberately designed to mislead Plaintiff and pressure Plaintiff into making a prompt payment on the subject debt in order to compel Defendant to cease its collection calls.

27. The language in Defendant's Letter was deliberately designed to mislead Plaintiff as to his rights and protections under the FDCPA and to obfuscate the same.

## **DAMAGES**

28. After reading the language in Defendant's Letter, Plaintiff was misled into believing that he had to make payment pursuant to one of the three offers enumerated in Defendant's Letter to compel Defendant to discontinue its collection calls or prevent Defendant from initiating future collection calls.

29. Accordingly, Defendant's misleading representations were material because it impacted Plaintiff's decision to pay the subject debt and the representations impacted Plaintiff's ability to properly and fully assess the status of the subject debt.

30. The conundrum created by the language in Defendant's Letter caused Plaintiff significant emotional distress and anxiety.

31. It was only after Plaintiff conferred with his counsel did he discover that he does not have to select one of the three payment options enumerated in Defendant's Letter to compel Defendant to cease its collection calls.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)

32. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

33. Pursuant to §1692e of the FDCPA, a debt collector is prohibited from making "any false, deceptive, or misleading representation" in connection with the collection of a debt. 15 U.S.C. § 1692e.

34. Section 1692e(10) of the FDCPA prohibits a debt collector from using any false representation or deceptive means to collect or attempt to collect any debt. 15 U.S.C. § 1692e(10).

35. Defendant violated 15 U.S.C. §§1692e and e(10) by making deceptive and misleading representations to Plaintiff in an attempt to collect the subject debt.

36. Specifically, it is was inherently deceptive for Defendant to mislead Plaintiff into believing that Plaintiff has to select one of the three payment options to compel Defendant to discontinue its collection calls or otherwise prevent Defendant from initiating future collection calls.

37. As set forth above, the FDCPA provides consumers with mechanisms to compel a debt collector to cease communication with a consumer that do not require the consumer to make a payment on the debt.

38. Accordingly, the language in Defendant's Letter misled Plaintiff as to his rights under the FDCPA.

39. The deceptive language in Defendant's Letter misled Plaintiff in a manner that deprived him of his right to enjoy the protections of the FDCPA.

40. As set forth above, Plaintiff was harmed by Defendant's deceptive collection practices.

**WHEREFORE**, Plaintiff, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate Sections 1692e and e(10) of the FDCPA;

b. Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

c. Awarding Plaintiff his reasonable attorney's fees and costs;

d. Awarding any other relief as the Honorable Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: March 12, 2021

Respectfully submitted,

ZACHARY T. POLLARA

/s/ *Victor T. Metroff*

Mohammed Badwan, Esq.
Victor T. Metroff, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
2500 S. Highland Ave., Ste. 200
Lombard, IL 60148
(630) 575-8181
mbadwan@sulaimanlaw.com
vmetroff@sulaimanlaw.com