## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-00747-CMA-NRN

ZACHARY T. POLLARA,

     Plaintiff,

v.

MIDLAND CREDIT MANAGEMENT, INC.

     Defendant.

## FIRST AMENDED COMPLAINT

**NOW COMES** Plaintiff, ZACHARY T. POLLARA, by and through his undersigned counsel, complaining of Defendant, MIDLAND CREDIT MANAGEMENT, INC., as follows:

## NATURE OF THE ACTION

1.     Plaintiff brings this action seeking for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. and violations of the Colorado Consumer Protection Act.

2.     Congress expressly found that "there is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a).

## JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

4.     Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

5.     ZACHARY T. POLLARA ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in this federal jurisdiction.

6.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7.      MIDLAND CREDIT MANAGEMENT, INC. ("Defendant") is a corporation organized under the laws of Kansas.

8.      Defendant maintains its principal place of business at 350 Camino De La Reina, Suite 300, San Diego, California 92180.

9.      Defendant is one of the nation's most prominent debt buyers.

10.     Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6) because (1) it uses instrumentalities of interstate commerce and the mail in the course of collecting consumer debt; (2) the principal purpose of Defendant's business is the collection of debt; and (3) it regularly collects consumer debt owed to others.

## FACTUAL ALLEGATIONS

11.     A number of years ago, Plaintiff applied for and obtained a personal credit card from Credit One Bank, N.A. ("CreditOne").

12.     Plaintiff made various charges for personal purposes on the CreditOne credit card, amassing a balance.

13.     Due to financial hardship, Plaintiff fell behind on his monthly payments on the CreditOne credit card.

14.     Eventually, Plaintiff's account fell into default status with an outstanding balance of approximately $671.77 ("subject debt").

15.     The subject debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

16.      Shortly thereafter, Midland Funding, LLC purchased the subject debt from CreditOne and began collection activities on the subject debt through the services of Defendant.

17.     On or around February 26, 2021, Defendant sent Plaintiff a written correspondence attempting to collect the subject debt ("Midland's Letter").

2

18.    Midland's Letter depicted, in pertinent part:

19.    Defendant's Letter presented various offers to Plaintiff to resolve the subject debt.

20.    Moreover, Midland's Letter expressly stated: "STOP our calls by selecting one of these 3 options" ("the language").

21.    The language implicitly implies that the ***only*** way to compel Defendant to cease its collection calls is to select one of the three payment options enumerated in Defendant's Letter.

22.    The language is patently misleading because the FDCPA requires debt collectors to cease communications with a consumer regarding a debt if the consumer requests the same in writing.

23.    Specifically, subject to inapplicable exceptions, §1692(c)(c) of the FDCPA provides:

> If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or **that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt**.... 15 U.S.C. §1692(c)(c).

3

24.     The language in Defendant's Letter was designed to mislead Plaintiff and other similarly situated consumers into believing that they must make payment on the debt to compel the cessation of the collection calls.

25.     However, as set forth above, the FDCPA expressly provides consumers with mechanisms to compel the cessation of communications from a debt collector.

26.     The language in Midland's Letter was deliberately designed to mislead Plaintiff and pressure Plaintiff into making a prompt payment on the subject debt in order to compel Defendant to cease its collection calls.

27.     The language in Defendant's Letter was deliberately designed to mislead Plaintiff as to his rights and protections under the FDCPA and to obfuscate the same.

28.     Additionally, Defendant attempted to collect the subject debt by placing numerous collection calls to Plaintiff.

29.     Plaintiff advised Defendant on numerous time that he no longer wished to receive the unwanted collection calls.

30.     Despites Plaintiff's requests, Defendant continued to contact Plaintiff via collection calls.

31.     After reading the language in Defendant's Letter, Plaintiff was misled into believing that he had to make payment pursuant to one of the three offers enumerated in Defendant's Letter to compel Defendant to discontinue its collection calls or prevent Defendant from initiating future collection calls.

32.     Accordingly, Defendant's misleading representations were material because it impacted Plaintiff's decision to pay the subject debt and the representations impacted Plaintiff's ability to properly and fully assess the status of the subject debt.

4

33.     The conundrum created by the language in Defendant's Letter caused Plaintiff significant emotional distress and anxiety.

34.     It was only after Plaintiff conferred with his counsel did he discover that he does not have to select one of the three payment options enumerated in Defendant's Letter to compel Defendant to cease its collection calls.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)

35.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

36.     All Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### a.   Violation(s) of 15 U.S.C. §1692c

37.     Section 1692c(a) of the FDCPA provides:

Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt-

(1)     at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. . .
15 U.S.C. § 1692c(a)(1).

38.     Despite being notified that its collection calls were unwanted, Defendant made the conscious decision to continue its harassing phone calls, which were clearly inconvenient to Plaintiff.

39.     Defendant violated § 1692c(a)(1) by placing numerous unwanted and unconsented collection calls to Plaintiff's cellular phone numbers at a time Defendant knew to be inconvenient for Plaintiffs.

40.     In other words, since Plaintiffs did not want any calls from Defendant, any call placed after the cease request was known by Defendant to be an inconvenient time for Plaintiffs.

### b.  Violation(s) of 15 U.S.C. §1692d

41.     Pursuant to § 1692d of the FDCPA, a debt collector is prohibited from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. §1692d

42.     Section 1692d(5) of the FDCPA prohibits a debt collector from "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. §1692d(5)

43.     Defendant violated §§ 1692d and d(5) by placing numerous unwanted and unconsented to collection calls to Plaintiffs' cellular phone numbers in an attempt to collect the subject debt after being requested to cease the unwanted calls.

44.     Defendant's conduct in systematically placing unwanted calls to Plaintiffs' cellular phone number is inherently harassing and abusive.

45.     Defendant's collection calls to Plaintiffs were made with the specific intent of annoying, harassing, and abusing Plaintiffs as Plaintiffs informed Defendant they no longer wished to be contacted on their cellular telephones.

46.     The fact that Defendant knowingly placed calls to Plaintiffs after Plaintiffs made requests that the calls cease is illustrative of Defendant's intent to harass and annoy Plaintiffs.

47.     Pursuant to §1692e of the FDCPA, a debt collector is prohibited from making "any false, deceptive, or misleading representation" in connection with the collection of a debt. 15 U.S.C. § 1692e.

48.     Section 1692e(10) of the FDCPA prohibits a debt collector from using any false representation or deceptive means to collect or attempt to collect any debt. 15 U.S.C. § 1692e(10).

49.     Defendant violated 15 U.S.C. §§1692e and e(10) by making deceptive and misleading representations to Plaintiff in an attempt to collect the subject debt.

50.     Specifically, it is was inherently deceptive for Defendant to mislead Plaintiff into believing that Plaintiff has to select one of the three payment options to compel Defendant to discontinue its collection calls or otherwise prevent Defendant from initiating future collection calls.

51.     As set forth above, the FDCPA provides consumers with mechanisms to compel a debt collector to cease communication with a consumer that do not require the consumer to make a payment on the debt.

52.     Accordingly, the language in Defendant's Letter misled Plaintiff as to his rights under the FDCPA.

53.     The deceptive language in Defendant's Letter misled Plaintiff in a manner that deprived him of his right to enjoy the protections of the FDCPA.

54.     As set forth above, Plaintiff was harmed by Defendant's deceptive collection practices.

**WHEREFORE**, Plaintiff, respectfully requests that this Honorable Court enter judgment in his favor as follows:

   a.   Declaring that the practices complained of herein are unlawful and violate Sections 1692c, d, e and e(10) of the FDCPA;

7

b.   Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

c.   Awarding Plaintiff his reasonable attorney's fees and costs;

d.   Awarding any other relief as the Honorable Court deems just and proper.

## COUNT II

### Colorado Consumer Protection Act

55.     Plaintiff incorporates all paragraphs as fully set forth herein.

56.   To prevail on a Colorado Consumer Protection Act ("CCPA") claim, "a plaintiff must show: (1) that the defendant engaged in an unfair or deceptive trade practice; (2) that the challenged practice occurred in the course of defendant's business, vocation, or occupation; (3) that it significantly impacts the public as actual or potential consumers of the defendant's goods, services, or property; (4) that the plaintiff suffered injury in fact to a legally protected interest; and (5) that the challenged practice caused the plaintiff's injury." *Kelly v. Wolpoff & Abramson, L.L.P.*, 2007 U.S. Dist. LEXIS 60528, at *25 (D. Col. 2007).

57.   Defendant violated the CCPA by (1), providing Plaintiff with deceptive and confusing information about his statutorily guaranteed rights and (2) repeatedly ignoring Plaintiff's requests to have the collection calls cease and thus harassing Plaintiff in an attempt to obtain payment on the subject account.

58.   Defendant's conduct as outlined herein was patently unfair and caused Plaintiff injury as explained above.

59.   Plaintiff had no choice but to submit to Defendant's abusive and harmful conduct as outlined herein.

60.   Plaintiff's experience with Defendant as set forth herein is not unique to Plaintiff as upon information and belief numerous consumers in Colorado have suffered similarly.

**WHEREFORE**, Plaintiff requests the following relief:

A.   A finding that Defendant's conduct violated the CCPA;

B.   Entry of judgment in Plaintiff's favor and against Defendant for violations of the CCPA;

C.   An award of actual damages;

D.   An award of punitive damages;

E.   An award of Plaintiff's attorney's fees and costs.

<u>**DEMAND FOR JURY TRIAL**</u>

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: July 16, 2021

Respectfully submitted,

ZACHARY T. POLLARA

<u>/s/ *Victor T. Metroff*</u>

Mohammed Badwan, Esq.
Victor T. Metroff, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
2500 S. Highland Ave., Ste. 200
Lombard, IL 60148
(630) 575-8181
mbadwan@sulaimanlaw.com
vmetroff@sulaimanlaw.com